IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bruce Bair | : |
|     Plaintiff | : |
| v. | : Case No. 3:13-CV-2162 |
| Jose M. Velasco, Individually & t/d/b/a JV Trucking Express, JV Trucking, LLC and Mauricio Edgardo Yanez | :<br>:<br>: (Judge Richard P. Conaboy) |
|     Defendants. | : |

FILED SCRANTON
APR 09 2015
PER ___ /s/ ___
DEPUTY CLERK

Memorandum

We consider here two Motions in Limine filed by Plaintiff Bruce Bair and a Motion in Limine filed by Defendants Jose Velasco, Mauricio Edgardo-Yanez and JV Trucking Express, LLC. These motions (Docs. 70, 72 and 75) have been comprehensively briefed (Docs. 71, 73, 76, 77, 80, 81, 88 and 89) by the parties and are ripe for disposition. We shall consider them in the order filed.

I. **APPLICABLE LAW**.

These motions place at issue the propriety of admitting into evidence various aspects of Plaintiff's medical history and also some projections as to his future medical needs. It is axiomatic that to be admissible evidence must also be relevant. District Courts enjoy broad discretion in determining what evidence is relevant and in evaluating the relative probative value of evidence vis a vis the unfair prejudice that could result from the

1

admittance of such evidence. Cowgill v. Raymark Industries, Inc., 832 F.2d 798, 806 (3d. Cir. 1987)(citing U.S. v. Long, 574 F.2d 761, 767 (3d. Cir. 1978). The Federal Rules of Evidence, specifically rules 401, 402, and 403, speak specifically to the meaning of relevance, probative value, unfair prejudice, and admissibility.

Federal Rule of Evidence 401 states: "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Federal Rule of Evidence 402 states: All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States by Act of Congress by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Federal Rule of Evidence 403 states: Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

or needless presentation of cumulative evidence.

The Court will determine the motions before it in keeping with the precepts announced in Rules 401, 402, and 403.

II. **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DOCUMENTS, TESTIMONY, EVIDENCE AND/OR ANY MENTIONING OF PLAINTIFF'S PRIOR MOTOR VEHICLE ACCIDENT AND/OR ANY PRIOR INJURIES (Doc. 70).**

Before being involved in the accident (that of September 30, 2011) that gave rise to the instant lawsuit, Plaintiff was also involved in an accident on April 20, 2010 that caused injury to his lumbar spine. (Doc. 70, ¶ 3). Plaintiff treated for nine months as a result of the first accident and was restored to work activity in early 2011. (Doc. 70, ¶ 4). While in the course of his employment, Plaintiff suffered injury to his neck, head and cervical spine in the second accident on September 30, 2011 and has not worked since that date. (Doc. 70, ¶ 5; Doc. 1, ¶ 23; Doc. 80-3, Section 4.C). Plaintiff's complaint in this matter alleges damages to his "neck, upper back, head, both knees, and headaches." (Doc. 1, ¶ 20). Plaintiff has not sought to recover for any lumbar injuries pursuant to this lawsuit.

Plaintiff's motion (Doc. 70) anticipates that Defendant will attempt to adduce evidence of the lumbar injuries he suffered in the accident of April 20, 2010 in an effort to convince the jury that his current injuries and limitations stem, at least in part, from that accident. (Doc. 70, ¶¶ 1 and 2). Defendants acknowledge

3

their intention to do this and state that it is appropriate for the jury to hear about Plaintiff's lumbar injury in the first accident because Plaintiff supposedly claimed a lumbar injury in the Workman's Compensation case that arose from the second accident, the one that gives rise to the instant case. (Doc. 81-1, at 4-6).

Defendant's assertion that Plaintiff acknowledged a lumbar injury pursuant to the accident of September 30, 2011 stems from the Compromise and Release Agreement Plaintiff executed to resolve his Workers' Compensation claim. (Doc. 81-2, Ex. D). At paragraph 4 of that agreement the "nature of the injury" was described as "strains to the cervical/lumbar spine". Significantly, however, there is no evidence that Plaintiff or his counsel prepared the Compromise and Release Agreement or even that the nature of Plaintiff's injuries was a significant focus of that document. The document, an official form of the Pennsylvania Department of Labor and Industry, is one typically prepared as the culmination of negotiations to commute a Workers' Compensation case. The Court is unwilling, absent proof that Plaintiff or his counsel prepared the document, to conclude that Plaintiff was claiming a lumbar injury as a basis for the settlement he was about to receive from the Workers' Compensation carrier. The Court's unwillingness to reach this conclusion is supported by other documentation.

Both the First Report of Injury and Notice of Temporary Compensation Payable in Plaintiff's Workers' Compensation case

4

describe the injury as being to the "head and neck" or "thoracic and cervical strain." Mention of the lumbar region is conspicuous by its absence from these documents. (Doc. 89, Exs. 1 and 2). Moreover, when Plaintiff reported for an Independent Medical Exam with the physician chosen by his employer, he complained only of neck and upper back symptomology. While Plaintiff did advise the IME physician of his prior lumbar injury, he did not assert that it was a result of his Workers' Compensation injury. The IME physician incorporated this information about Plaintiff's previous lumbar injury into his IME report, a report that specifically ruled out Plaintiff's previous accident as a cause of the symptomology for which he ultimately received Workers' Compensation benefits.

The various parts of the record to which the parties have directed the Court simply do not promote the conclusion urged by Defendant - - that Plaintiff disingenuously sought to conflate his previous injuries with those for which he justly received Workers' Compensation benefits. Accordingly, the Court cannot conclude that the injuries Plaintiff suffered in the accident of April 20, 2010 should be referenced in any manner in the forthcoming trial of this matter. The injuries suffered in April of 2010 were not sufficiently similar to those suffered in 2011 to permit their mention in this proceeding. See Papa v. Pittsburgh Penn Center Corp., 421 Pa. 228 (1966); see also Celmer v. Marriott Corp., 2004 WL 1964894 (E.D. Pa.).

III. **PLAINTIFFS'S MOTION IN LIMINE TO PRECLUDE THE DEFENDANTS FROM INTRODUCING DOCUMENTS, TESTIMONY, OR ANY EVIDENCE OF BRUCE BAIR MAKING A CLAIM FOR AND/OR RECEIVING WORKERS' COMPENSATION AND/OR SOCIAL SECURITY BENEFITS (DOC. 72).**

Plaintiff's motion anticipates that Defendants will attempt to adduce evidence regarding his claim and/or receipt of Workers' Compensation and/or Social Security Disability Benefits. (Doc. 72, ¶ 1). Defendants acknowledge that this is their intent. (Doc. 80, ¶ 1). Plaintiff's argument that the Defendants should be precluded from introducing evidence of his Workers' Compensation and Social Security claims is grounded in the "collateral source rule".

The collateral source rule provides, essentially, that "the fact that an injured party has received compensation from a source other than the wrongdoer is without relevancy in a suit brought by the injured party against the wrongdoer to recover damages." Moidel v. Peoples Natural Gas Co., 397 Pa. 212, 222, (1959). This rule is intended to prevent a tortfeasor from benefitting from the fortuity that the victim of his negligence has a collateral source of funds. Lobalzo v. Varoli, 409 Pa. 15, 17-18 (1962). The collateral source rule is venerable and its general proposition is firmly entrenched in Pennsylvania Law.

Defendant notes, correctly, that the collateral source rule is not unlimited, but rather "prohibits a defendant in a personal injury action from introducing evidence of the plaintiff's receipt

of benefits from a collateral source <u>for the same injuries which are alleged to have been caused by the defendant.</u>" (Emphasis supplied). Pusl v. Means, 982 A.2d 550, 557 (Pa. Super 2009)(citing Simmons v. Cobb, 906 A.2d 582, 585 (Pa. Super 2006). Defendant reasons that the Plaintiff's mention of his previous low back injuries on his Social Security Disability application, coupled with the previously discussed (and rejected as non-probative) allusion to a lumbar strain on the Compromise Settlement Agreement in Plaintiff's Workers' Compensation case, combined to somehow turn the low back and subsequent cervical neck injuries into one and the same injury. If the Court could credit that conclusion, Defendant would be permitted to admit evidence from Plaintiff's Social Security and Workers' Compensation files. The Court, however, finds this argument unpersuasive.

As Plaintiff's counsel indicates in his reply brief (Doc. 88 at 2), claimants who apply for Social Security Disability Benefits are required to disclose to the Social Security Administration their entire medical histories. This Court, which is all too familiar with the Social Security Administration's decision-making process, is fully aware that Plaintiff would be required to mention his lumbar injury of 2010 as part of that process. There is absolutely nothing suspect about Plaintiff's revelation of his low back injury to the Social Security Administration and the Court does not see this as in any manner probative of the fact that, as

7

Defendant would have the Court believe, Plaintiff was purposefully conflating these injuries for his own benefit.[1] Rather, the records clearly indicate that the lumbar injury and the cervical injury were discrete in their nature and suffered at different times and that the Plaintiff was forthcoming about mentioning the nature of his injuries in both the Workers' Compensation and Social Security contexts. That being the case, the lumbar and cervical injuries cannot be viewed as one injury and the collateral source rule properly operates to preclude Defendant from any mention of Plaintiff's Workers' Compensation or Social Security files.

IV. **DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PLAINTIFF'S FUTURE MEDICAL COSTS AND EXPENSES (Doc. 75).**

It is unnecessary for the Court to resolve this motion because the parties have engaged in self-ordering, to wit: Plaintiff will be permitted to introduce evidence of the projected future cost of his oral medications and up to four doctor visits each year upon production of appropriate supporting testimony; and Plaintiff will be precluded from admitting evidence of the cost of future trigger point injections, physical therapy and potential future surgery.

---

[1] Defendant also argues that the allusions to the lumbar injury in the Workers' Compensation file and the Social Security Disability file are judicial admissions and, thus, Plaintiff is "judicially estopped" from taking a different position in this lawsuit. The Court cannot regard these clerical glitches as anything in the realm of judicial admissions for the reasons already advanced. Beyond that, the cases Defendants cite for the proposition that judicial estoppel should operate here all concern litigant behavior that was obviously duplicitous and totally unlike Plaintiff's behavior in the instant case.

V.  **CONCLUSION.**

The Court finds that both of Plaintiff's Motions in Limine (Docs. 70 and 72) shall be granted because the evidence Defendant seeks to admit regarding Plaintiff's Workers' Compensation and Social Security files is not relevant to this litigation and that, even if it had some tangential relevance, its prejudicial character would far outweigh its probative value and so would be precluded pursuant to Rule 403 of the Federal Rules of Evidence.  The Court will also grant Defendant's Motion in Limine (Doc. 75) to the extent expressed in the parties' aforementioned agreement. An Order consistent with these determinations will be filed contemporaneously herewith.

BY THE COURT

_____
Honorable Richard P. Conaboy
United States District Court

Dated: 4/9/15