IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED SCRANTON
MAY 1 5 2015
PER _____
DEPUTY CLERK

| | |
|---|---|
| Bruce Bair | : |
| Plaintiff | : |
| v. | : Case No. 3:13-CV-2162 |
| Jose M. Velasco, Individually<br>& t/d/b/a JV Trucking Express,<br>JV Trucking, LLC and<br>Mauricio Edgardo Yanez | :<br>: (Judge Richard P. Conaboy)<br>: |
| Defendants. | : |

Memorandum

We consider here Defendant's Motion for Reconsideration (Doc. 95) of our Order (Doc. 94) of April 9, 2015 granting Plaintiff's Motion in Limine to Preclude Documents, Testimony, Evidence and/or any Mentioning of Plaintiff's Prior Motor Vehicle Accident and/or Prior Injuries (Doc. 70).¹  Defendant's motion is based upon the assertion that the Court should reverse its decision "in order to prevent a manifest injustice."

As Defendant acknowledges in its Brief in Support of its Motion for Reconsideration (Doc. 96), the purpose of such a motion "is to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d. Cir. 1999).  Reconsideration may

---

¹ We note that Defendant has requested that this motion be considered by the judge who ultimately tries this case. (Doc. 95 at page 1, n.1).  We must observe, however, that as the tribunal that first decided this issue, only this Court may properly "reconsider" it.

1

be granted sparingly on any of three grounds: (1) the moving party demonstrates an intervening change in the controlling law; (2) additional facts are made available of which the Court was unaware when it first considered the issue; or (3) there is a need to correct a clear error of law or fact to prevent a manifest injustice. Home Line Industrial Insurance v. Banner Retail Marketing, LLC, 631 F.Supp 2d. 628(E.D.Pa. 2009)citing Max's Seafood Café, supra. When a motion for reconsideration is based upon a need to correct a clear error of law or fact to prevent a manifest injustice, the moving party must persuade the Court that the prior decision "was clearly wrong and that adherence to the decision would create a manifest injustice." In re: City of Philadelphia Litig., 158 F.3d 711, 718 (3d. Cir. 1998). "Motions for reconsideration should be sparingly granted because of the interests in finality and conservation of scarce judicial resources." In Re: Loewen Groups, 2006 W.L. 27286 (E.D.Pa. January 5, 2006), quoting Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F.Supp 522, 524 (E.D.Pa. 1992).

In this case, it is asserted that this Court has misperceived various "facts" and, consequently, a manifest injustice is about to befall the moving Defendant.[2] (Doc. 96 at 9). Defendant states

---

[2] That supposed manifest injustice is that Plaintiff will be able to hide from the jury the fact that his current disability allegedly stems, at least in part, from a prior accident in which he injured his lumbar spine. (Doc. 96 at 11). Significantly, Defendant points to no medical evidence for this assertion. In fact, an IME physician who examined Plaintiff specifically discounted his previous injury as a cause of the limitations that are the focus of this lawsuit. (Doc. 97-1, Ex. 3).

further that "[I]n issuing the Memorandum in support of its Order, this Honorable Court does not consider or address the relevance of the statements which Plaintiff made under oath to the Social Security Administration." (Doc. 96 at 10). Quite to the contrary, this Court has not misperceived Defendant's argument regarding the supposed relevance of Plaintiff's previous accident and his statements to the Social Security Administration. The Court has simply rejected it. Moreover, the Court did in fact explain why it found no inconsistency in Plaintiff's statements to the Social Security Administration (Doc. 93 at 7-8) and why the injuries Plaintiff sustained in his prior accident were not sufficiently similar to the injuries for which he seeks recovery here to permit discussion of the prior accident in this case. (Doc. 93 at 4-5).

Defendant's other contention, that the Court's reasoning in this matter will "open the floodgates" to a new order in which defendants will categorically be precluded from introducing evidence regarding a personal injury plaintiff's prior medical history, is both hyperbolic and inaccurate. This Court's ruling is not binding on other trial courts in any case. Moreover, this Court's holding in this matter is confined to the facts of this case and, as such, is limited even in its potential persuasive effect on sister courts.

In sum, the Defendant has not presented any new legal authority or factual information that causes the Court to doubt the

accuracy of its initial decision. The Court remains firm in its conviction that any tenuous relevance Plaintiff's prior injury may have is far exceeded by its potential to confuse and mislead the jury and, as such, introduction of such evidence would violate Federal Rule of Evidence 403. Accordingly, Defendant's Motion for Reconsideration must be denied. An Order consistent with this determination follows.

BY THE COURT

/s/ Richard P. Conaboy
Honorable Richard P. Conaboy
United States District Court

Dated: 5-14-15